UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61479-CIV-UNGARO/MCALILEY

DONALD R. ARNESON,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.
_____/

## REPORT AND RECOMMENDATION ON PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

Pending before the Court is Petitioner Donald R. Arneson's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [DE 1]. The government answered the Petition [DE 6], pursuant to the Court's Order to Show Cause [DE 5], and Arneson subsequently filed a supplement to the Petition [DE 7]. The Honorable Ursula Ungaro referred the Petition for report and recommendation. [DE 3, 4].

Arneson contends that he should be resentenced consistent with changes to the Sentencing Guidelines and court decisions, that were issued after he was originally sentenced. [DE 1, 7]. This Court has considered the parties' memoranda and the record in this and the underlying criminal case, and for the reasons set forth below recommends that the Petition be **DENIED**.

I.      **Background**

On December 9, 1999, Arneson, a pharmacist, and two co-defendants were charged, by a Second Superseding Indictment, with crimes related to the distribution of controlled substances outside the course of professional medical practice. [CR DE 124].[1] Specifically, the Indictment charged Arneson with one count of conspiracy to dispense and distribute controlled substances (including prescription drugs containing oxycodone), in violation of 21 U.S.C. §§ 841(a)(1) and 846, and sixty-three counts of distributing and dispensing controlled substances, and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2. [*Id.*].

Arneson was tried before a jury in October, 2000, and was found guilty on each count. [CR DE 256]. The Honorable Wilkie D. Ferguson sentenced Arneson to 192 months in prison, followed by five years of supervised release, and a $50,000 fine. [CR DE 300]. On direct appeal, the Eleventh Circuit Court of Appeals affirmed Arneson's conviction and sentence. [CR DE 368]. Arneson petitioned the Supreme Court for certiorari review, which it denied. *United States v. Arneson*, 2002 WL 31054862 (11th Cir. 2002), *cert denied*, 538 U.S. 1018 (2003).

On October 2, 2003 Arneson filed his first Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, that argued the trial court: (1) lacked subject matter jurisdiction, (2) erred in denying Arneson's motion for new trial and motion for judgment

---

[1] Arenson was charged in Case No. 99-6092-CR-UNGARO. Citations to the docket in that case are to "[CR DE ___ ]."

of acquittal, (3) erred in sentencing Arneson to 192 months in prison, and (4) erred in presenting the jury with a special verdict form.  [CR DE 401; Case No. 03-61825-CIV-UNGARO, DE 1].  On April 26, 2004 the Honorable Ursula Ungaro adopted the Report and Recommendation of the Honorable Stephen T. Brown and denied the motion.  [Case No. 03-61825-CIV-UNGARO, DE 14, 12].  The Eleventh Circuit denied a certificate of appealability on that motion.  [Case No. 03-61825-CIV-UNGARO, DE 19].

Arneson filed this Petition on October 16, 2007.

**II.     Analysis**

Arneson claims he is entitled to relief from his sentence because it was improperly calculated by the Court.  However, as detailed above, this is Arneson's second § 2255 petition.  The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-32, 110 Stat. 1214 (1996), requires that prior to filing a second or successive § 2255 motion, the petitioner must first obtain an order from the court of appeals authorizing the district court to consider the motion.  Without such an order, the district court lacks jurisdiction to consider a successive § 2255 petition.  *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (citing *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam)).

Arneson has not obtained the required authorization from the Eleventh Circuit Court of Appeals conferring jurisdiction on this Court to consider this Petition.  Accordingly, the undersigned recommends that the Petition be denied.

### III.   RECOMMENDATION

For the foregoing reasons, it is hereby **RECOMMENDED** that Petitioner Donald R. Arneson's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [DE 1], be **DENIED**.

The parties will have **10 days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Ursula Ungaro.  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144 (11th Cir. 1993).

RESPECTFULLY SUBMITTED in chambers at Miami, Florida, this 16th day of June 2008.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Ursula Ungaro
      All counsel of record